IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. JORDAN, (TDCJ-CID #1816175) | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION H-15-0072 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, James A. Jordan, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 2012 state conviction for aggravated robbery. Because Jordan filed this suit too late, it must be dismissed.

Jordan pleaded guilty to the felony offense of aggravated robbery in Cause Number 1303251, in the 183rd Judicial District Court of Harris County, Texas. He did not appeal his conviction or sentence. On September 22, 2014, Jordan filed an application for state habeas corpus relief which the Texas Court of Criminal Appeals denied without written order on findings of the trial court without a hearing on November 26, 2014. (Docket Entry No. 1, Federal Petition, p. 4). *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us. On January 12, 2015, this court received Jordan's federal petition. The petition was filed when Jordan gave it to the prison authorities for mailing to the district court, which is presumed to be the date he signed it. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on February 10, 2015, this court directed Jordan to file a written statement by March 20, 2015, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 7). Jordan complied. (Docket Entry No. 8).

The trial court convicted Jordan on October 10, 2012. Jordan's judgment became final when the time expired for filing an appeal in the Texas Court of Appeals, on November 9, 2012. The one-year limitations period ended on November 9, 2013. Jordan did not file this federal petition until January 12, 2015.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Jordan's state habeas application did not extend the period because Jordan filed that application well after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

Jordan argues that his state sentence is a void judgment because the indictment was vague. (Docket Entry No. 8, p. 2). Citing Rule 60 of the Federal Rules of Civil Procedure, Jordan argues that his federal petition is not time-barred because he challenges a void judgment.

Rule 60 provides in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

> applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
> **(1) *Timing*.** A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

*Id.*

Jordan's argument lacks merit. He is not challenging a final judgment of a federal court in a civil case. Rather, he is challenging a conviction and sentence imposed by the 183rd Judicial District Court of Harris County, Texas. A petition for a writ of habeas corpus under 28 U.S.C. § 2254, not a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, is the way to challenge a state criminal conviction and sentence after they have become final. Rule 60 does not provide a basis to avoid the AEDPA one-year statute of limitations.

Jordan does not identify any other grounds for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of

representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Jordan does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Jordan from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Jordan's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Jordan's claims relate to his trial on October 10, 2012. Jordan has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Jordan's motion to show cause why his petition is not time-barred, (Docket Entry No. 8), is granted. Jordan's challenges to his 2012 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). The record does not make this showing. This court will not issue a certificate of appealability.

SIGNED on April 9, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge